IN THE UNITED STATES DISTRICT COURT
FOR THE <u>SOUTHERN</u> DISTRICT OF TEXAS
<u>GALVESTON</u> DIVISION

United States Courts
Southern District of Texas
FILED

**JUL 25 2017**

David J. Bradley, Clerk of Court

PRINCE MELON SR. #852958
Plaintiff's Name and ID Number

CLEMENTS UNIT
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

MR. ALAMU, 59 DARRINGTON Rd., ROSHARON, TX. 77583
Defendant's Name and Address

_____
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "...if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.*)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
       1.  Approximate date of filing lawsuit: __11-4-2016__

       2.  Parties to previous lawsuit:
          Plaintiff(s) __MR. PRINCE McCOY SR.__
          Defendant(s) __NORWOOD, ET AL__

       3.  Court: (If federal, name the district; if state, name the county.) __NORTHERN DISTRICT OF TEXAS__

       4.  Cause number: __7:16-CV-0013I-O__

       5.  Name of judge to whom case was assigned: __HONORABLE REED O CONNOR__

       6.  Disposition: (Was the case dismissed, appealed, still pending?) __STILL PENDING__

       7.  Approximate date of disposition: __UNKNOWN__

II.  PLACE OF PRESENT CONFINEMENT: __CLEMENTS UNIT__

II.   PLACE OF PRESENT CONFINEMENT:  CLEMENTS UNIT

III.  EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?          ✓ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A.  Name and address of plaintiff:  PRINCE McCoy SR. #852958  CLEMENTS UNIT
                                                                    9601 SPUR 591
                                                                    AmaRillo, Tx 79167

B.  Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1:  MR. ALAMU, C.O. I, DARRINGTON UNIT, 59 DARRINGTON Rd.
                              RosHARON, Tx. 77583

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
SUBJECT ME TO A UNNECESSARY /EXCESSIVE USE OF FORCE WITH CHEMICAL AGENTS

Defendant #2: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #3: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Rev. 05/15

V.  STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

On 12-28-2016 around 2:00 pm officer Mr.Alamu came to Jackson's cell in D-line 1-22. Jackson threw water on Alamu.Alamu called Sgt.Jacobs on the radio.Sgt.Jacobs came and dealt with the matter.Around 3:30 pm Alamu was doing roster count and came to Jackson's cell.Jackson threw water on Alamu again.Alamu stood there a minute,whipped his face and pulled out his mace.Inamtes began to scream,"You can't spray him." Alamu asked Jackson,"Where you at?" Two minutes later Alamu put his mace up and walked to the next cell.Plaintiff walked away from his door.Alamu came to plaintiff's cell (1-24) and stood on the side of the door,and said,"24 cell,whats your name and number?" Plaint- iff walked to the door and began to tell him his name,when Alamu sprayed plaintiff in the face with his mace.Alamu called in on the radio what he did.

VI.  RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

ENTER JUDGMENT GRANTING PLAINTIFF COMPENSATORY,PUNITIVE. AND NOMINAL dAMAGES

VII.  GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

PRINCE L. MCCOY SR.

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

#852958

VIII.  SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?      ___ YES  ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division):_____

2.  Case number:_____

3.  Approximate date sanctions were imposed:_____

4.  Have the sanctions been lifted or otherwise satisfied?      ___ YES ___ NO

C. Has any court ever warned or notified you that sanctions could be imposed? _____ YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _____

2. Case number: _____

3. Approximate date warning was issued: _____

Executed on: 7-19-2017
_____
DATE

PRINCE McGi SR.
_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ____19____ day of ___July___, 20 17.
(Day)                           (month)              (year)

PRINCE McGi SR.
_____
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

1. PREVIOUS LAWSUITS:

A. Have you filed any other lawsuit in state or federal court relationg to your imprisonment? √ YES ___ NO

B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: 3-9-2017
2. Parties to previous lawsuit:
Plaintiff(s) PRINCE McCoy SR.
Defendant(s) MR. J. ESQUIVEL
3. Court: (If federal, name the district; if state, name the county.) SOUTHERN DISTRICT OF TEXAS (HOUSTON)
4. Cause Number: 4:17-CV-00763
5. Name of judge to whom case was asigned: JUDGE MELINDA HARMON
6. Dispostion: (Was the case dismissed, appealed, still pending?) STILL PENDING
7. Approximate date of disposition: UNKNOWN

## Texas Department of Criminal Justice

# STEP 1

## OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

Offender Name: MR. PRINCE McCOY SR.   TDCJ # 852958

Unit: Clements   Housing Assignment: H.S. E-1-20

Unit where incident occurred: DARRINGTON Unit.

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? OFFICER MR. ALAMU   When? 12-28-16

What was their response? NOTHING

What action was taken? UNNECESSARY USE OF FORCE WITH CHEMICAL AGENT JAN 11 2017

**State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate**

On WENSDAY, DEC. 28, 2016 on THE DARRINGTON UNIT J-LINE 1-ROW AROUND 2:00 P.M. OFFICER MR. ALAMU CAME to 22 CELL. INMATE JACKSON who lives IN 22 CELL THREW SOME WATER ON OFFICER ALAMU. OFFICER ALAMU REPORTED the incident on the Radio by CALLING SGT. JACOBS who DEALT with the MATTER AROUND 3:30 P.M. OFFICER ALAMU WAS DURING ROSTER COUNT ON J-LINE 1-ROW. ALAMU CAME to 22 CELL, AND JACKSON THREW WATER ON him AGAIN. OFFICER ALAMU STOOD THERE A MINUTE, WHIPPED his FACE AND PULLED OUT his PEPPER SPRAY. INMATES BEGAN to SCREAM, "You can't SPRAY him." OVER and OVER. OFFICER ALAMU ASKED JACKSON "WHERE YOU AT?" ABOUT 2 MINUTE LATER OFFICER ALAMU PUT his PEPPER SPRAY UP AND WALKED to the NEXT CELL. OFFICER ALAMU CAME to MY CELL AND STOOD ON THE SIDE OF THE DOOR AND said, "24 CELL, WHATS YOUR NAME AND NUMBER?" I WALKED to the door AND began to tell him MY NAME AND OFFICER ALAMU SPRAYED ME directly In the FACE with his PEPPER SPRAY FOR no REASON AT ALL. INMATES BEGAN to SCREAM that "HE SPRAYED ME FOR NOTHING." MY T-SHIRT (2X) AND RADIO WERE DAMAGED by THE PEPPER SPRAY being SPRAYED on them AS WELL. According to the PD-0 OFFICER ALAMU IS IN VIOLATION OF # 5A. RECKLESS ENDANGERMENT, 8. FAILURE TO FOLLOW PROPER SAFETY PROCEDURES, HARASSING OR RETALIATING AGAINST ANOTHER INDIVIDUAL, 23. MIS-TREATMENT OF OFFENDERS, 24d. USE OF FORCE/UNNECESSARY FORCE NON-PROVOKED WITH SERIOUS INJURIES, 29. DAMAGED OR DESTRUCTION OF PROPERTY, 25H. AGGRAVATED USE OF EXCESSIVE FORCE indicating a deliberate ACT, without JUST CAUSE OR PROVOCATION. AND #27. MISCONDUCT. I WAS RETALIATED AGAINST by being TRANSFERED FAR AWAY FROM DALLAS ON A EMERGENCY CHAIN A DAY LATER AFTER being ASSAULTED. I AM NOW

JAN 11 2017

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

A

Appendix F

Asigned to the CLEMENTS UNIT in Amarillo, TX. JAN 11 2017

_____
_____
_____
_____
_____
_____
_____
_____
_____

**Action Requested to resolve your Complaint:** To have my damaged PROPERTY REimbursed, to be transfered closer to DALLAS, AND to RECIEVE COMPENSATORY AND PUNITIVE damages FOR being ASSAULTED JAN 11 2017

**Offender Signature:** _____ 852958         **Date:** 1-5-17

**Grievance Response:**




**Signature Authority:** _____         **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**         *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☒ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** J Gonzales · UGI · _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission     UGI Initials: ____
Grievance #: 2017070815
Screening Criteria Used: 899 #8
Date Recd from Offender: JAN 11 2017
Date Returned to Offender: JAN 11 2017

**2nd Submission**         UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

**3rd Submission**         UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Appendix F

BACK OF A.

**Texas Department of Criminal Justice**

# STEP 1

**OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY |
|---|
| Grievance #: 2017074102 |
| Date Received: JAN 18 2017 |
| Date Due: 2-27-17 |
| Grievance Code: 903 |
| Investigator ID #: I2108 |
| Extension Date: |
| Date Retd to Offender: FEB 27 2017 MAR 0 6 2017 |

Offender Name: MR. PRINCE MCCOY SR. TDCJ # 852958

Unit: CLEMENTS  Housing Assignment: H.S.-E-1-20-E III

Unit where incident occurred: CLEMENTS  #SG109

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? UGI II, J. GONZALES  When? JAN. 11, 2017

What was their response? GRIEVANCE WILL NOT BE ADDRESSED

What action was taken? DENIAL OF GRIEVANCE PROCEDURE  JAN 18 2017

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate.

I AM GRIEVING THE ACTIONS OF UGI OFFICER, J. GONZALES FOR DENYING MY GRIEVANCE (#2017070815) TO BE PROCESSED. ACCORDING TO THE OFFENDER GRIEVANCE OPERATIONS MANUAL (APPENDIX B) GRIEVABLE ISSUES ARE ACTIONS OF ANY EMPLOYEE, VIOLATIONS OF MY RIGHTS, LOSS OR DAMAGE OF PERSONAL PROPERTY BY TDCJ, MATTERS RELATING TO CONDITIONS OF CARE AND SUPERVISION WITHIN THE AUTHORITY OF THE TDCJ FOR WHICH A REMEDY IS AVAILABLE. MY GRIEVANCE COEXIST WITH EACH STIPULATION LISTED. #6 UNDER "YOU MUST NOT GRIEVE INCLUDE, STATE OR FEDERAL COURT DECISIONS, LAWS AND/OR REGULATIONS; PAROLE DECISIONS, TIME-SERVED CREDIT DISPUTES WHICH SHOULD BE DIRECTED TO THE CLASSIFICATION AND RECORDS, TIME SECTION; MATTERS FOR WHICH OTHER APPEAL MECHANISMS EXISTS; ANY MATTER BEYOND THE AGENCY TO CORRECT. MY GRIEVANCE DOES NOT CONFLICT ANY OF THOSE STIPULATIONS. I HAVE A RIGHT AGAINST TORTURE, CRUEL INHUMAN AND DEGRADING TREATMENT OR PUNISHMENT. GUARDS DO NOT HAVE THE RIGHT TO HARM ME. I WAS ASSAULTED, TORTURED UNDER A CRUEL INHUMAN AND DEGRADING TREATMENT OF PUNISHMENT BY OFFICER ALANIS BY USE OF CHEMICAL AGENTS, WHICH CONSTITUTES AN UNNECESSARY USE OF FORCE. IN THE PROCESS OF THE ASSAULT MY PROPERTY WAS DAMAGED. I SHOWED MY PROPERTY TO SGT. EDRIS AND LT. AVILSA. I WAS TOLD BY SGT. EDRIS TO, WRITE A GRIEVANCE. REMEDIES THAT ARE AVAILABLE ARE RESTITUTION OF PROPERTY, EITHEM MONIETARY OR COMPENSATORY. SEE GOV. CODE § 501-007. THEREFORE THE GRIEVANCE I FILED SHOULD NOT BE DENIED TO PROCESS THROUGH THE GRIEVANCE PROCEDURE.

JAN 18 2017

I-127 Front (Revised 11-2010)  **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**  (OVER)

B.

Appendix F

**Action Requested to resolve your Complaint.**
To HAVE MY GRIEVANCE (# 2017070815) to be PROCESSED, NOT To be SUBJECT To RETALIATION TACTICS, AND NOT To
be DENIED ACCESS to COURTS AND GRIEVANCE PROCEDURE.    JAN 1 8 2017

**Offender Signature:** _____ 852958      **Date:** 1-17-17

**Grievance Response:**

Your complaint has been investigate and findings reviewed. All grievances are process per Offender Grievance Operations Manual. Grievances involving a reported use of force are not grievable, per Offender Grievance Operations Manual, 1.02. Property claims will not generally be considered for processing when staff respond to emergency situations such as fighting fire, quelling riots or a use of force, per Offender Grievance Operations Manual, 1.07. No further action warranted.

**Signature Authority:**    **Damon Andrews, Assistant Warden**      **Date:** FEB 2 7 2017

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    **\*Resubmit this form when the corrections are made.**

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. \*

☐ 3. Originals not submitted. \*

☐ 4. Inappropriate/Excessive attachments. \*

☐ 5. No documented attempt at informal resolution. \*

☐ 6. No requested relief is stated. \*

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. \*

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. \*

☐ 11. Inappropriate. \*

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

**I-127 Back** (Revised 11-2010)

Appendix F

BACK OF B



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2017074102

UGI Recd Date: MAR 1 4 2017

HQ Recd Date: MAR 2 0 2017

Date Due: 4-23

Grievance Code: 903

Investigator ID#: **I2346**

Extension Date:

Offender Name: MR. PRINCE McCOY SR    TDCJ# 857958

Unit: CLEMENTS V    Housing Assignment: H.S. G-1-09

Unit where incident occurred: DARRINGTON / CLEMENTS

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

---

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

THE USE OF FORCE by OFFICER ALAMU WAS AN UNNECESSARY USE OF FORCE because I did NOTHING WRONG, OR to JUSTIFY OR PREVOKE OFFICER ALAMU to SPRAY ME IN THE FACE with PEPPER SPRAY. AS EXPLAINED IN STEP 1 THE UNNECESSARY USE OF FORCE AND being DENIED A RIGHT TO COMPLAIN ABOUT THE UNNECESSARY USE OF FORCE IMPOSES AN UNDUE AND UNREASONABLE BURDEN ON MY CONSTITUTIONAL RIGHTS. By FILING this I have LEGALLY EXHAUSTED ALL ADMINISTRATIVE REMEDIES AS REQUIRED by THE PRISON LITIGATION REFORM ACT TO FILE SUIT UNDER §1983.

STEP 1 #2017074102

---

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

_____
_____
_____
_____
_____

**Offender Signature:** _Rin ock R 852958_       **Date:** _3-13-17_

**Grievance Response:**

An investigation has been conducted into your complaint. Your Step 1 response has addressed your complaint. There is no evidence of staff misconduct or any Agency policy violations. No further action warranted by this office.

**Signature Authority:** _CM Blalock_ M. BLALOCK     **Date:**    **MAR 2 7 2017**

**Returned because:**    *Resubmit this form when corrections are made.*

☐ **1. Grievable time period has expired.**

☐ **2. Illegible/Incomprehensible.***

☐ **3. Originals not submitted. ***

☐ **4. Inappropriate/Excessive attachments.***

☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**

☐ **6. Inappropriate.***

**CGO Staff Signature:** _____

<table>
<tr><td colspan="2"><b>OFFICE USE ONLY</b></td></tr>
<tr><td><b>Initial Submission</b></td><td><b>CGO Initials:</b> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td colspan="2">(check one) ___ Screened ____ Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender:_____</td></tr>
<tr><td><b>2nd Submission</b></td><td><b>CGO Initials:</b> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td colspan="2">(check one) ___ Screened ____ Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender:_____</td></tr>
<tr><td><b>3rd Submission</b></td><td><b>CGO Initials:</b> _____</td></tr>
<tr><td colspan="2">Date UGI Recd: _____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td colspan="2">(check one) ___ Screened ____ Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

**I-128 Back** (Revised 11-2010)       BACK OF C.       **Appendix G**

United States District Court
For the Southern District of Texas

Mr.Prince McCoy Sr.,
        Plaintiff,

        V.

Mr.Alamu

individually and in their
official capacities,
        Defendants,

United States Courts
Southern District of Texas
FILED

JUL 25 2017

David J. Bradley, Clerk of Court

COMPLAINT
Civil Action
No._____

## I.JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation under color of state law,or rights secured by the Constitution of the United states.The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff's Federal tort claims act claims are authorized by 28 U.S.C. Section 1346.

2. The Southern District is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to the claim occurred.

## II.PLAINTIFF

3. Plaintiff Prince McCoy Sr.,is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Corrections.He is currently confined in Clements Unit,9601 Spur 591,Amarillo,Tx.79107.

## III.DEFENDANT

4. Defendant,Mr.Alamu is a correctional officer of the Texas Department of Corrections who,at all times mentioned in this complaint,held the rank of C.O.-I and was asigned to the Darrington Unit.

5. The defendant is sued individually and in his official capacity.At all times mentioned in this complaint the defendant acted under the color of state law.

## III.FACTS

6. On Wensday,Dec.28,2016 around 2:00 p.m. officer Mr.Alamu came to inmate Jackson's cell in D-line,1-22 and Jackson threw water on officer Alamu.Alamu reported the incident by calling Sgt.Jacobs on the radio.Sgt.Jacobs came and dealt with the matter.see,Exhibit

7. Around 3:30 p.m. officer Alamu was doing roster count and came to 1-22 cell.Inmate Jackson threw water on officer Alamu again.Alamu stood there a minute,whipped his face,and pulled out his pepper spray.Inmates began to scream,"You can't spray him",repeatedly.Officer Alamu asked Jackson,"Where you at?" About two minutes later Alamu put his pepper spray in its holster and walked to the next cell which was empty.Plaintiff walked away from the door.Alamu then came to plaintiff's cell 1-24, and stood on the side of the door,and said,"24 cell,whats your name and number?" Plaintiff walked to the door and began to tell him his name when officer Alamu sprayed plaintiff directly in the face with his pepper spray for no reason at all.Inmates bewgan to scream,"He sprayed him for nothing." Alamu called in on the radio what he did.see,Exhibit

8. Plaintiff suffers from burning skin & eyes,lungs with congested breathing (being asthmatic),irritating eyues,vision impairment,mental anguish,pain & suffering, shock,discomfort,severe stomach pains,frequent nightmares inwhich officers attempt to kill him,emotional distress,ongoing anxiety,lack of concentration and mental awareness,a constant irrational fear of prison guards,having flashbacks of the incident.Plaintiff is currently recieving drug therapy,and seeking medical treatment. see,Exhibit

9.  Upon information and belief,plaintiff contends that officer Alamu sprayed him because Alamu couldn't spray Jackson,who was covered and protected with a sheet.Alamu retaliated on the next inmate.see,Exhibit

10.  Upon information and belief,plaintiff was transfered to the Clements Unit the next day on a emergency chain to prevent plaintiff from complaining about the incident and exhausting his llegal remedies,and to prevent plaintiff from visiting his family seven hours away.

11.  Plaintiff's T-shirt (2x),radio,and tennis shoes (size 8) were damaged by the pepper spray from Alamu.

## IV.EXHAUSTION OF LEGAL REMEDIES

12.  Plaintiff McCoy used the prisoner grievance procedure avilable at Clements Unit to try and solve the problem.On Jan.11,2017 plaintiff McCoy presented the facts relating to the complaint against defendant Mr.Alamu.On Jan.11,2017 plaintiff McCoy was sent a response saying that the issue presented is not grievable,by U.G.I.-Ms. Jade Gonzales.On Jan.13,2017 plaintiff McCoy presented the facts relating to Ms. Gonzales denying plaintiff the right to exercise his right to seek redress from the prison grievance system.Plaintiff argued the facts of the Offender Grievance Operations Manual,which states what actions are grievable through the offender grievance procedure.And the matters that the manual states you may not grieve.see,Exhibit numbers 5,& 6.On Feb.27,2017 plaintiff McCoy was sent a response saying that the grievance had been denied.On March 14,2017 he appealed the denial of the grievance. McCoy's grievances and appeal are attached at Exhibit

## V.LEGAL CLAIMS

13.  Plaintiff reallege and incorporate by references paragraphs 1-12.

14.  The unnecessary/excessive use of force by defendant Alamu violated plaintiff Prince McCoy's rights and constituted cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

15.  Plaintiff contends "When the state takes a person into its custody and holds him there against his will,the Constitution imposes upon it a corresponding duty to assume responsibility for his safety and general well being...The rationale for this principle is simple enough;When the state by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself,and at the same time fails to provide for his basic human needs -eg.,food, clothing,shelter,medical care,and reasonable safety - it transgresses the substantive limits on state action set by the Eighth Amendment."

16.  The defendant Alamu violated plaintiff's constitutional right to be free of excessive force by maliciously and sadistically spraying him directly in the face, point blanke range with his pepper spray.using all his pepper spray.When such abuse occurs in a facility operated by the state,the prisoner can sue the officer under civil rights statue 42 U.S.C. §1983.

17.  Plaintiff contends the Eighth Amendment,"Serves as the primary source of substantive protection...In cases... Where the deliberate use of force is challeneged as excessive and unjustified."see,Whitley v.Albers,475 U.S. at 327.

18. "(A) Whenever prison officials stand accused of using excessive physical force constituting 'the unnecessary and wanton inflicition of pain' violative of cruel and unusual punishments clause, the core judicial inquiry is that set out in Whitley v. Albers, 475 U.S. 312, 320-321, Whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm. Extending Whitley's application of the 'unnecessary and wanton infliction of pain' standard to all allegations of force, whether the prison disturbance is a riot or a lesser disruption, works no innovations." see, Johnson v. Glick, 481 F.2d 1028.

19. Officer Alamu's act of unnecessary, and excessive force was not in a good faith effort to maintain or restore order in the situation. It was not warranted at all." Where no legitimate penological purpose can be inferred from a prison employee's alleged conduct...The conduct itself constitutes sufficient evidence that force was used 'maliciously and sadistically for the very purpose of causing harm." see, Giron v. Corrections Corp. of AM, 191 F.3d 1281, 1290.

20. This court held, "In this case we find that there was no need for physical force to compel Hickey to sweep his cell. Hickey was not physically threatening the officers, nor was the stun gun applied for that reason. The relationship between the need for force (zero) and the force used (a painful and incapacitating shock) was excessive. And the pain inflicited was substantial." see, Hickey v. Reeder, 12 F.3d 754, 758.

21. Plaintiff asserts this situation, however was not the usual case of an inmate inside the prison violating a rule or regulation. Officer Alamu was not confronted with a spontaneous disruption. He did not have to take some action against McCoy to maintain discipline.

22. "The common thread running through all of the cases is a concern for the safety of the institution and for those within the walls. We do not attempt to limit good faith applications of force where it is reasonably thought to be necessary to maintain the order and security of a penal institution, but summary force has yet to be ratified as the de jure method of discipline where security concerns are not immediately implicated." see, Ort v. White, 813 F.2d 318, 324 (force in response to provactive act which due to its timing does not implicate order and security of institution is likely retalitory rather than a good faith effort to maintain order.) We have not found, and hope never to find, a case upholding the use of this type of force on a nonviolent inmate to enforce a housekeeping order." see, Hickey v. Reeder, 12 F.3d at 759.

23. Plaintiff asserts in view of the facts that plaintiff was secured in his cell, showing no signs of aggression and did not pose an immediate threat of harm to the officer or anyone. The defendant's use of force was wholly disappropriate response to the situation.

24. Plaintiff's version of facts demonstrate a excessive, unnecessary use of force that "falls within" the core of what the Fourteenth and Eighth Amendments prohibits. A severe assaulting on a secured non-aggressive person.

25. Plaintiff asserts, "These alleged facts are sufficiently egregious to warrant a denial of qualified immunity because a reasonable officer would have known that the degree of force was unconstitutionally excessive under the circumstances." see, Bush v. Strain, 513 F.3d 492 at 501.

26. It is obdurate,wanton or intentional inflcitions of unnecessary pain,not mere inadvertance or good faith mistakes as to the amount of force reasonably called for ,which violate the Eighth Amendment."see,Whitley v.Albers,106 S.ct.1078,1084.

27. Qualified immunity 'gives ample room for mistaken judgments' but does not protect 'the plainly incompetent or tnose who knowingly violate the law.' "see,Mailey v.Briggs,475 U.S.335,at 343.

28. Plaintiff contends that officer Alamu administrered excessive and dangerous quantities of pepper spray,by spraying the whole can on him.

29. "Viewed in a light favorable to Treats,the evidence shows that there was no objective need for the degree of force used or the pain inflicted,that appellants could not reasonably have percieve treats to be a threat to themselves or institutional security at the time,and that appellants failed to temper their forceful response.No lasting injury is necessary to make out an Eighth Amendment violation,for the infliction of pain is sufficient it was inflicted for the purpose of causing harm."see,Treats v.Morgan,308 F.3d 868,874.

30. "The Supreme Court has never held,nor have we or any other Court of Appeals,so far as we can determine,that the use of tear gas or a chemical agent is per se violation of the Eighth Amendment,whether an inmate is locked in his cell or not.What we,and other courts have held,is that the appropriateness of the use must be determined by the facts and circumstances of the case.We have held,and now restate that it is a violation of the Eighth Amendment for prison officials to use mace or other chemical agents in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain."see,Soto v.Dickey,744 F.2d 1260,1270.

31. Plaintiff asserts..."The district Court considered the following four factors, which it identified as "[T]he factors to be considered in determining when the excessive force gives rise to a cause of action under §1983":(1) The need for the application of force;(2) The relationship between that need,and the amount of force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm."see,Grahm v.Connor,644 F. Supp. 246 at 248.

32. Plaintiff contends,"Courts have consistently concluded that using pepper spray is excessive force in cases where the situation is a minor infraction,the prisoner is secured in his cell and not acting violantly,and there is no threat to the officer or anyone else."

33. Plaintiff asserts,the evidence establishes that the actions and conduct of Alamu violated the Eighth and Fourteenth Amendments,and that a chemical agent has been unjustly and improperly used.

34. Plaintiff contends,Amoung 'unnecessary and wanton' infliction of pain are those that are 'totally without penological justification.'"see,Rhodes v.Chapman,452 U.S.337,346.

35. Plaintiff asserts,"When the unnecessary/excessive use of force occurred,he had a clearly established right to be free from excessive/unnecessary force,and it was clearly established that the amount of force that the officer Alamu could use 'demanded on the severity of the crime at issue,whether the plaintiff posed a threat to

the officers' safety.' "see,Bush v.Strain,513 F.3d 492,at 502.

36. Plaintiff contends,"It is beyond question that the law was 'clearly established' so as to give the defendant fair warning that their actions in circumstances violated plaintiff's 14th and 8th Amendment rights.No particularized,pre-existing case law was needed to inform them that an officer is not entitled to qualified immunity where his conduct does 'So far behind the hazy border between excessive and acceptable force that [he knows that he is] violating the Constitution."see,Priester v.City of Rivera Beach,208 F.3d 919,at 926-927.

37. Plaintiff asserts."In Saucier v.Katz,held that a court first must determine whether 'the facts alleged show the official officer's conduct violated a Constitutional right."Second,the court must determine whether the right was 'clearly established' so that 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.' "see,,Saucier v.Katz,121 S.ct.2151.

38. Because there was no need for officer Alamu to weigh compelling safety concerns or to restore order in the face of a disturbance.However,pepper spray is an instrument with which prison officials wield their authority or force,and thus its use implicates the excessive use of force.see,De Spain v.Uphoff,264 F.3d 965,978.

39. Plaintiff asserts,"In other words,the law is clearly established right if courts have previously ruled that materially similar conduct was unconstitutional if "A general Constitutional rule already identified in the decisional law applies with obvious clarity to the specific conduct at issue."see,United States v.Lanier, 520 U.S. 259,at 271.

40. Plaintiff contends that there was no need for particularized notice because notice of general principles is enough.Indeed,the majority goes so far as to reason that it should have been perfectly obvious to Mr.Alamu that his use of force was excessive and unnecessary.

41. Plaintiff asserts although reasonable force may be 'necessary in situations which cannot be otherwise controled,force may not be resorted to unless other reasonable alternatives have been exhausted or would clearly be ineffective under the particular circumstances,which was uncalled for here.

42. Plaintiff contends,the defendant violated well established standardss and procedures of the institution's professionalism,and that the force used against plaintiff was 'grossly excessive and unreasonable under the circumstances." The unlawfulness of the conduct is readily apparent even without clarifying case law."see,Smith v.Mattox,127 F.3d 1416,at 1420.

43. Plaintiff asserts,"The record and exhibits uncontradictedly establish that when an inmate who is hollering,rattling the bars,yelling obscenities at the staff, throwing objects from his cell at the staff,refused to return a meal tray,blocks the closing of a door,refuses to be doubled celled or refuses to comply with direction,he is ordered to come to the front of the cell and put his hands out so thsat he can be handcuffed,guards can then enter the cell and remove a meal tray or an object used to throw liquid;and where necessary,move him to another cell with a wooden door which can be uclosed to prevent his hollering or yelling from disturbing others,or prevent him from throwing liquid or other objects on the officers,or double celled or whatever is appropriate.If he refuses to come to the front of the cell to be handcuffed after being ordered so to do,and the guard cannot prevail upon him to do so,a supervisor is called.The supervisor then attempts to persuade the

inmate to comply with the order.If the inmate refuses,he is then ordered by the supervisor to come to the front of the cell and be handcuffed.If he still refueses,he is told that unless he does so,he will be maced.If he still refuses,mace is then used.In most every instance,the inmate then complies with the order.He is handcuffed and removed from the cell to permit a guard to enter,and when appropriate the inmate is moved to another cell."see,Soto V.Dickey,744 F.2d 1260,1264-1265.

44.  Plaintiff contends the TDC has regulations which govern the use of force and the use of chemical agents by correctional officers.Admin.Directive on Use of force. They require an officer to warn an inmate and to give him a chance to comply before using any chemical agent on him.

45.  Plaintiff asserts,chemical agents such as pepper spray may be used "only when [an] inmate threatens bodily harm to himself/herself,other inmates,or individuals, will not produce an item(s),or will not relocate."Force may not be used as a means of punishment.

46.  Plaintiff contends,"The ADC promulgated these rules to regulate the conduct of correctional officers,and Treats has presented evidence that appellants violated each of them.Counsel conceded at oral argument that Morgan could have provided a warning in the circumstances of this case,and such a precaution would have helped bring appellants into compliance with ADC regulations and Eighth Amendment cases warning against unreasonable or punitive use of force." see,Treats v.Morgan,308 F. 3d 868,875.

47.  Plaintiff contends,"It would be a matter of serious concern if correctionall officers were to believe that a painful substance like capstun (pepper spray) could be used at will.Arkansas has regulations in place that set standards for the use of force and chemical agents,and it is to be hoped that the training for correctional officers includes education and guidance on their appropriate use."see,Treats v. Morgan,308 F.3d at 875.

48.  Plaintiff asserts,"In the excessive force content,society's expectations are different.When a prisoner official's maliciously and sadistically use force to cause harm,contempory standards of decency always are violated."see,,Whitley v.Albers, 475 U.S.312 at 327.This is true whether or not significant injury is evident.Otherwise,the Eighth Amendment would permit any physical punishment,no matter how diabolic,or inhuman,inflicting less than some abitrary quanity of injury.Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today."see,Estelle,Supra,429 U.S.102(Proscribing torture and barbarious punishment was "the primary concern of the drafters" of the Eight Amendment)see,Wilkerson v. Utah,99 U.S. 130,136.[I]t is safe to affirm that punishments of torture...and all others in the same line of unnecessary cruelty,are forbidden by [the Eighth Amendment."])"

49.  Plaintiff contends,"Headwaters Forest Def. v.Couunty of Humboldt,240 F.3d 1185 at 1199 [Finding use of pepper spray could be excessive when "Applied to [Protestors] eyelids with a Q-tip- and even more so when sprayed into their face in full blast from inches away.]"

50.  The district judge concluded that (t)ear gas and other chemical agents are dangerouds,inflict pain,and can cause permanet injurry and even death...see,Spain v. Procuniel,600 F.2d 189,194.

51. Plaintiff asserts,"In this case since there was no prison disturbance and 'no need to use any force since the plaintiff was already in restraints',(in his cell) the prison guard's attack upon him resulted in the infliction of unnecessary and wanton pain."see,Hudson v.McMillian,112 S.ct. 995,at 1002.

52. Plaintiff contends,"The fact that there was no disturbance under the circumstances determines...whether the use of force was justified.Accordingly,we apply the Whitley standard and ask whether officer Alamu acted 'inm a good faith effort to maintain or restore discipline or malicioously and sadistically for the very purpose of causing harm."see,Whitley,Supra,475 U.S. at 320.

53. "Where no legitmate penological purpose can be inferred from a prison employee's alleged conduct...The conduct itself constitutes sufficient evidence that force was used 'maliciously and sadistically for the very purpose causing harm.' "see,Giron v.Corrections Corp. of AM,191 F.3d 1281 at 1290.

54. Plaintiff contends,"To deny the difference between punching a prisoner in the face and serving him unappetizing food is to ignore the concepts of dignity,civilized standards,humanity,and decency that animate the Eight Amendment."see,Estelle, Supra,429 U.S at 102.

55. Plaintiff asserts,"Whether the empirical correlation between 'maliciou and sadistic'factor puts in issue the subjective motivations of the officer."see,Grahm v. Connor,109 S.ct.1865,at 1872.

56. Plaintiff contends,"Chemical agents ;become instruments of brutality when used indiscriminately against a defendseless prisoner.' "see,Slakan v.Porter,737 F.2d 307,372.

57. Plaintiff asserts,"In my view,force applied 'intentionally for the way purpose of causing unnecessary and wanton pain' is equivalent to force applied 'maliciously and sadistically' for the very purpose of causing harm."see,,Cowens v.Wyrick,862 F.2d 697,702.

58. Of course,in assessing the credibility of an officer's account of the circumstances that prompted the use of force,a factfinder may consider,a long with other factors,evidence that the officer may have harbored ill-will toward plaintiff.

59. The assault of McCoy,he contends,arose from a 'personal dispute between officer Alamu and inmate Jackson,which was against prison policy.Jackson had threw water on Alamu for the second time that day,about three minutes before Alamu sprayed the plaintiff with pepper spray.Plaintiff reallege and incorporate by reference paragraph 7.

60. Plaintiff contends Alamu took the personal dispute out on the next inmate which was plaintiff who lived in the next occupied cell from Jackson in 1-24.see,

61. Plaintiff contends Alamu was motivated in his actions by ill-will with a desire to injure.Plaintiff reallege and incorporate by reference paragraph 7.Plaintiff was not violant,aggressive,confrontational,unruly,or presented an immediate risk of danger to himself or to others.Such lack of behavior decreases the need for force and doesn't pose a threat to the prison officer.Yet officer Alamu sprayed him for

the malicious purpose of causing pain and suffering.

62. Plaintiff contends,"We have previously identified several intrests protected by common law tort rules that might be relevant to constitutional deprivations.Person deprived of their rights 'are entitled to compensation for any physical injuries,pain,and suffering,emotional distress,and impairment of their prospects for future employment proximately caused by the defendant's uunconstitutional conduct.' "see,Hobson v.Wilson,717 F.2d 1,61.

63. Plaintiff reallege and incorporate by reference paragraph *8*.

64. Plaintiff suffers from psychological distress in the aftermath of the unnecessary use of force,and is recieving drug therapy.

65. Plaintiff contends,"On a more general level this court has held that,"The Eighth Amendment may be implicated not only [by] physical injury,but also by the infliction of psychological harm."see,Benefield v.McDowall,241 F.3d 1267 at 1272.

66. Plaintiff contends,"The Eighth Amendment protects inmates from unnecessary and wanton infliction of pain by correctional officers,regardless of whether an inmate suffers serious injury as a result."see,Hudson v.McMillian,503 U.S.1,at 9.

67. "[I]njuries occurring in an Eighth Amendment context are not likely to be of an evanescent nature.The establishing of cruel and unusual punishment will often require the showing of pyhsical abuse from which injuries and concomitant damages will normally be easy to prove."see,Parrish v.Johnson,800 F.2d 600,at 609.

68. Plaintiff contends general Fourteenth Amendment Principles has clearly established that this use of force was excessive and unnecessary in violation of the Constitution.

69. McCoy has presented sufficient evidence for a reasonable jury to conclude that Alamu acted maliciously and sadistically with the intent to cause injury when he sprayed him in the face without warning or justification.McCoy has satisfied his burden to show that the nature and manner of the force used was excessive and unnecessary under the circumstances and at that his constitutional rights were violated by officer Alamu.

## VI.PRAYER FOR RELIEF

WHEREFORE,Plaintiff respectfully prays that this court enter judgment granting plaintiff:

70. A declaration that the acts and omissions described herein violated plaintiff-'s rights under the Constitution and laws of the United States.

71. Compensatory damages in the amount of $_____ against defendant Alamu.

72. Punitive damages in the amount of $_____ against defendant Alamu.

73. Nominal damages in the amount of $_____ against defendant Alamu.

74. A jury trial on all issues triable by jury.

75. Plaintiff's cost in this suit.

76. Any additional relief this court deems just, proper, and equitable.

DATED: JuLy 19, 2017
        Respectfully Submitted,

        Mr. Prince McCoy Sr.
        #852958
        Clements Unit
        9601 Spur 591
        Amarillo, Tx. 79107


## VERIFICATION

   I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

   Executed at Amarillo, TEXAS           on JuLy 19, 2017           .
   
   Mr. Prince McCoy Sr.

MR. PRINCE McCoy SR.
#851858
Clements Unit
9601 Spur 591
Amarillo, Tx. 79107

Amarillo TX 790[?]
WE [?] 2037[?]

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
P.O. BOX 2300
GALVESTON, Tx. 77553