United States District Court
For the Southern District of Texas

United States Courts
Southern District of Texas
FILED

MAY 25 2018

David J. Bradley, Clerk of Court

Mr. Prince McCoy Sr.,
    Plaintiff,

V.

Mr. Alamu,
    Defendant,
individually and in his
official capacities,

Plaintiff Prince McCoy's
Rebuttal to Defendant
Alamu's Motion for
Summary Judgment

Civil Action
No. 3:17-CV-00235

## Plaintiff's Rebuttal to Defendant's Motion for Summary Judgment

In support of his Rebuttal Plaintiff McCoy relies on the following:

The Exhibits A and B that Defendant Alamu relied on in his Motion for Summary Judgment because Plaintiff McCoy is a pro se litigant and is unable to make copies of the Exhibits to present to the Court as evidence aswell, at this time.

McCoy has established that he was subject to a use of excessive force in violation of the 8th Amendment. The use of force was not applied in a good faith effort to maintain or restore discipline. But done maliciously and sadistically to cause harm. see, Hudson v. Millian, 503 U.S. 1 at 6.

The allegation that McCoy struck Alamu in the face is false, was not proven, and cannot be proven by defendant Alamu. McCoy never recieved a disciplinary case for stricking Alamu because McCoy never did strick Alamu period. Therefore the application of force was not present nor proven by defendant Alamu.

The amount of force used was not proportionate to the need for the use of force. Alamu has not proven that McCoy struck him. Therefore the amount of force Alamu used was not reasonably necessary to neutralize a threat of McCoy because McCoy didn't pose a threat nor was there a reason to restore control over McCoy.

Alamu could not have reasonably percieved McCoy's actions to be a threat because McCoy never struck Alamu, nor has Alamu presented evidence that McCoy struck him. Therefore it was not reasonable for Alamu to believe that McCoy posed a threat at any time towards Alamu. No action was needed to be taken from Alamu towards McCoy at all.

Alamu's actions were not objectively reasonable. McCoy never posed a threat, nor has Alamu presented evidence that McCoy ever struck him or McCoy's actions ever represented a threat to the operation of the Darrington Unit, nor the significant physical threat to Alamu. Alamu has not met his burden to demonstrate that his actions were objectively reasonable, nor that McCoy ever struck him at any time.

McCoy only made the assumption that Alamu's actions were out of retaliation. McCoy, was not making this and contendtion.

PG.1

McCoy asserts how was Alamu's actions claimed to have been reasonable after allegingly being struck with a piece of tolet peper roll? How was McCoy allegedly a threat ,an 'unambiguous threat' after stricking Alamu with a piece of tolet paper?

Plaintiff contends when Jackson threw water on Alamu the first time and Alamu called in the assault on the radio as he is instructed to do by policy.WHhy didn't Alamu,call in the alleged assault of McCoy as he is instructed to do by policy?

Plaintiff contends why didn't Alamu feel that his life was threaten when Jackson threw water on him twice? Why didn't Alamu respond by spraying Jackson with chemical agents like Alamu sprayed McCoy? McCoy asserts because Jackson had a sheet up blocking the spray if Alamu would have sprayed it,which would have been unsuccessful.But Alamu knew that McCoy would be taken by suprise because McCoy had never done anything wrong towards Alamu to warrant the use of force.

Plaintiff asserts in the use of force report it is documented and noted that the,use of force by Alamu was unjustified,inappropriate,not consistent with TDCJ policies,and procedures,and not consistent with the TDCJ use of force plan.see,Exhibit A,pgs,002, 003,and 004.

Plaintiff has alleged facts sufficient to establish that the use of force by Alamu was applied maliciously and sadistically to cause harm as opposed to being used,in a good faith effort to maintain or restore discipline.The use of force indicates that Alamu's actions were unjustified and against TDCJ policies.The Unit's disciplinary resulted in Alamu recieving 3 months of probation for the unnecessary/excessive use of force on McCoy.see,Reprimand form,Exhibit A,pg.006.

Plaintiff contends Alamu's version of event are two different stories.In Alamu's,use of force report he states McCoy allegedly threw an unknown object at him.see,Exhibit A,pg. 014.

In Alamu's offense report he states McCoy allegedly threw a piece of rolled toliet paper at him.see,Exhibit A,pg.027.

The use of force report indicates that RN Burkhalter noted McCoy had no injuries,and was fine.McCoy asserts this is untrue.McCoy contends Burkhalter's notes and response was systematic and detrimental to McCoy's medical evaluation.During the use of force recording McCoy is heard stating over and over repeatedly that he can't breath.see, Exhibit B,pg. 002

McCoy asserts that after being transfered to the Clements UNit the next day,he later later recieved medical treatment for stomach pains from the chemical agents entering his digestive system.McCoy also recieved treatment for eye drops from a thick white discharge from his eyes.see, Attachment A,pgs. 7-9

McCoy asserts that all issues stated herein this rebuttal all create guine issues of material facts.

## MEMORANDUM OF LAW

Plaintiff asserts that there are genuine issues of material facts for trial and,plaintiff requests that the court grant this memorandum if law.In support of plaintiff's memorandum of law he relies on the following;

Plaintiff asserts,"The District Court considered the following four factors which,it identified as "[t]he factors to be considered in determining when the excessive,use of force gives rise to a cause of action under §1983;(1)The need for application,of force;(2)The relationship between that need and the amount of force that was used;(3) The extent of the injury inflicted and (4)"Whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically,for the very purpose of causing harm."see,Grahm v. Connor,644 F.Supp.246,at 248.

Plaintiff contends the defendant violated well established standards and procedures of the institution's professionalism,and that the force used against plaintiff was "grossly excessive and unreasonable under the circumstances."Thats why Alamu was placed on probation from the unnecessary use of force being labeled unjustified,inappropriate,and unreasonable.

Plaintiff contends,"On a more general level,this court has held that 'The Eighth Amendment may by implicated not only (by) physical injury,but also by the inflictipon of psychological harm.:see,Benefield v.McDowall,241 F.3d 1267,at 1272.

Plaintiff contends the Eighth Amendment 'serves as the primary source of subjective protection...in cases...where the deliberate use of force is challenged as excessive and unjustified."see,Whitley v.Albers 475 U.S. at 327.

Plaintiff contends when the assault occurred,he had a clearly established right,to be free from excessive force and it was clearly established that the amount of force that the officer could use 'depended on the severity of the crime at issue,whether the plaintiff posed a threat to the officer's safety'...see,Bush v.Strain,513 F.3d 492 at 502.

Plaintiff's version of facts demonstrate a assault that 'falls within' the core,of what the Eighth and Fourteenth Amendments prohibit,a severe assaulting on a non-aggressive person.

Plaintiff asserts,"We believe that a prisoner states a proper cause of action when he alleges in the face of an obvious need for suchattention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury."see,Ingram v.Montomery County Prison Board,369 F.Supp. 873 at 874.

Plaintiff asserts in view of the facts that he was secured in his cell,showing,no signs of aggression and did not pose an immediate threat of harm to the officer,or anyone.The defendant's use of force was wholly disappropriate response to the situation.

Plaintiff asserts although reasonable force may be 'necessary in situations which cannot be otherwise controled,force may not be resorted to unless other reasonable alternatives have been exhausted or would clearly be ineffective under the particular circumstances,which was uncalled for here in McCoy's case.

Plaintiff contends,"Headwaters Forest Def. v.County of Humboldt,240 F.3d 1185,at 1199 [Finding usemof pepper spray could be excessive when "Applied to [Protestors] eyelids with a Q-tip and even more so when sprayed into their face in full blast,from inches away.["

The District Judge concluded that (t)ear gas and other chemical agents are dangerous ,inflict pain,and can cause permanent injury and even death...see,Spain v.Procuniel 600 F.2d 189,194.

Plaintiff asserts,"These alleged facts are sufficiently egregious to warrant a,denial of qualified immunity because a reasonable officer would have known that,the

degree of force was unconstitutionally excessive under the circumstances."see,Bush v.Strain,513 F.3d 492 at 501.

Qualified Immunity 'gives ample room for mistaken judgments' but does not protect 'the plainly incompetent or those knowingly violate the law."see,Malley v.Briggs,475 U.S.335,at 343.

Plaintiff contends "and if a qualified immunity challenge is made to the complaint then...the court must accord the plaintiff an opportunity to come forward with such additional facts or allegations that show not only violations of his constitutional rights,but also that these rights were so clearly established when the acts were committed that any officer in the defendant's position,measured objectively would have clearly understood that he was under an affirmative duty to have refrained,from such conduct."see,Poe v.Haydon,853 F.2d 418 at 425.

Summary Judgment should be granted if the undisputed facts show that the defendant's conduct did indeed violate clearly established rights.see,Kennedy v.City of Cleviand 797 F.2d 297 at 299-300.

"Thus,'in deciding whether a defendant is entitled to qualified immunity in causes,in which unlawful motive is a critical elements,the court must consid'r the actor's,intent, in carrying out the act that is alleged to have resulted in the violation of,the plaintiff's rights."see,Gutierrez v.Municipal Court of Southeast Judicial District 838 F.2d 1031 at 1051.

Plaintiff asserts,'Qualified immunity may protect government officials from liability for civil damages,but it is not avalable if an oficial's conduct violated 'clearly established stautory or constitutional rights which a reasonable person would have known."see,Harlow v.Fitzgerald,475 U.S.800 at 818.

Plaintiff asserts,"(to ward off the grant of a summary judgment,the plaintiff can present deposition testimony demonstrating the existence of a genuine issue of material fact).We have routinely found that a non-moving parties own affidavit can constitute affirmative evidence to defeat a summary judgment motion."see,Payne v.Pauley 337 F.3d at 767.

Plaintiff asserts,"If however as in the instant case facts material to the issue,of qualified immun'ty are in dispute,qualified immunity cannot be determined as a matter of law until the factual issues are resolved at trial."see,Dimarco v.Rome Hosp.952 F.2d 661 at 666.

Plaintiff contends "A summary judgment procedure is not meant to be a trial on,affidavits." Credibility determinations,the weighing of evidence,and the drawing of,legitimate inferences from the facts are jury functions,not those of a judge...The evidence of the nonmovant is to be believed and all justifiable infereces are to be drawn in his favor."see,Anderson v.Liberty Lobby,Inc. 477 U.S. 242 at 255.

Plaintiff contends "At the summary judgment stage the judge's function is to determine whether there is sufficient evidence favoring the nonmoving party for a jury,to return a verdict for that party."see,First National Bank of Arizona v.Citiews Service Company,391 U.S. 253 at 288-289.

Plaintiff asserts,"This inquiry implicates the substantive evidentiary standards,of proof that would apply at trial on the merits.Thus,in a civil case such as this,the record must show that the trier of fact could find by a preponderance of the evidence that the plaintiff is entitled to a judgment in his favor."see,Anderson v.Liberty Lobby,Inc. 477 U.S. 242,252.

Plaintiff contends,"Courts need not be reluctant to grant summary judgment in appropriate cases since 'one of the principal purposes of the summary judgment rule is,to isolate and dispose of factually unsupported claims."see,Celotex Corporation v.Carrett 477 U.S. 317 at 323-324.

## PRAYER

Plaintiff has submitted sufficient evidence that supports important and real genuine issues of material facts in the case,fvoring a jury would return a verdict in his favor.Plaintiff respectfully prays the Court to grant this Rebuttal to defendant Alamu's Motion for Summary JUdgment against Alamu in McCoy's favor on all claims against Alamu.

It is hereby ORDERED that Plaintiff's Rebuttal to Defendant Alamu's Motion for Summary Judgment is _____.

Signed on this __ day of _____,20118.

_____
JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I.Prince McCoy Sr.,Plaintiff,Pro se,do certify that a true and correct copy of the foregoing has been served by placing same in the United States Mail on 5-21-18 . addressed to:

Amy E.Bofeld
Assistant Attorney General
P.O.Box 12548,Capitol Station
Austin,Texas 78711
Atrorney for Defendant Alamu

_____
Mr.Prince McCoy SR.
#852958
Michael UNIT
2664 FM 2054
Tennessee Colony,Tx.75886
Plaintiff,Pro se

PG.6

ATTACHMENT - A

On Thursday, March 2, 2017 I was taken to 12 building and treated for stomach pains, and low blood sugar. My blodd blood sugar level was 49, 43, and 73. I submitted sick-call requests on Friday, March 3, 2017, and Friday, March 10. 2017 requesting to be seen for low blood sugar and stomach pains. I have not been seen mby anyone. Will you look into this matter and see that I am seen as soon as possible and not subject to being denied medical attention to a serious medical mneed, resulting in delibe-rate indifference.

*NL stomach pain, low blood sugar,- seen problems addressed 3/20/17*

Thankyou,

Mr. Prince McCoy Sr.   #852958            Clements Unit
H.S. G-1-09              March 15, 2017    Ad-seg

*D Gonzales RN*

**RECEIVED**
BY: *MdC*

I submitted a sickcall requesting to be seen due to psychological harm I am experiencing by Ms. Gonzales denying me the right to seek redress through the grievance system for, being a victim of an unnecessary use of force by an officer I was sprayed in the face by with, pepper spray. I am also being denied adequate medical treatment for my low blood sugar symptoms that I suffer from. I have submitted numerous of grievances to recieve adequate medical treatment. Ms. Gonzales has refused to process the grievances for reasons that, are false. She has falsified documents in order to not process the grievances. This whole ordeal is taking a toll on me medtally because I am forced to suffer unnecessarily. I was told that I would be seen, which I have not been seen yet. I need help as soon as possible.

Thankyou,

Mr. Prince McCoy Sr.   #852958        Clements Unit
H.S. G-1-09 cell         Ad-seg         April 24, 2017

*Scheduled*

*L. ____ MA, MHC*

**RECEIVED**
APR 2 7 2017
**TTUHSC MHS**

Unit Health administrator,
I was subject to being sprayed in the face with pepper spray, and having ammonia rubbed in my eyes. I have not recieved any treatment to my irritated and burning eyes. I have, a thick white discharge from my eyes, and vision impairment. I request to recieve eye drops and treatment for my eyes as soon as possible.

Mr. Prince McCoy Sr.    #852958       Clements Unit
H.S. G-1-09 cell         7-4-2017

*Reply you have been seen and problems addressed.*

**RECEIVED**
JUL 1 1 2017

PG. 7

**SUBJECT:** State briefly the problem on which you desire assistance.

I have experienced two (2) assaults by officer that are classified as unnecessary use of force. I have been having numerous nightmares of being killed or coming close to death, and being tortured by officers. I would like to be scheduled to speak with someone from your field as soon as possible.

Also before I came to this unit, I was in the process of signing up to be allowed to go to the anger management program on the Michaels unit. I would like to complete that process as soon as possible.

Thankful

Name: MR. PRINCE NELOT SR.    No: 852858    Unit: CLEMENTS

Living Quarters: H.S. E-1-11    Work Assignment: POD-SEG

Schelell
PN

**DISPOSITION:** (Inmate will not write in this space)

**RECEIVED**
JAN 23 2017
TTUHSC MHS

I-60 (Rev. 11-90)

PG. 8

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**HEALTH SERVICES DIVISION**
**SICK CALL REQUEST** #5

**PART A:** (To be completed by offender)          Date: 1-14-17
Offender's Name: MR. PRINCE MCCOY SR          TDCJ No.: 852958
Work Assignment: AD-SEG          Work Hours:
Wing No: H.S-E-1-11          Sch Hours:
Service needed: ☑ Medical ☐ Dental ☐ Mental Health ☐ Other: MY VISION IS BLURRED AND MY EYES
Reason for Health Services Appointment: ARE IRRITATED WITH BURNING FROM BEING SPRAYED WITH PEPPER SPRAY.
I HAVE SUBMITTED THREE SICK CALLS AND HAVE NOT SEEN A DOCTOR YET.
How long have you had this problem?   Hours: _____   Days: 17

> "In accordance with state law, if this visit meets offender annual health care services fee criteria, I understand that my trust fund account may be charged a $100 health care services fee. I also understand that I will be provided access to health care services regardless of my ability to pay this fee."
>
> Signature of Offender

**Part B:** (To be completed by medical personnel – Do not write below this line)
Medical Reply: ncl- blurred vision burning
                J Williams

RECEIVED JAN [illegible] BY: [signature]

Medical Staff Member's Signature          Date
HSA – 9 (Rev. 2/12)

---

I WAS SUBJECT TO AMMONIA BEING RUBBED IN MY EYES AND BEING SPRAYED IN THE FACE WITH PEPPER SPRAY. MY EYES ARE CONSTANTLY IRRITATED. MY VISION IS BLURRED AND WHEN I READ IT SEEMS AS IF THE WORDS ARE COMING TOWARD ME FROM THE PAPER. I HAVE SUBMITTED SICK CALLS ABOUT THIS AND STILL HAVE NOT RECIEVED TREATMENT. I REQUEST TO SEE A DOCTOR SOON AS POSSIBLE.

THANK YOU!

MR. PRINCE MCCOY SR. #852958          CLEMENTS UNIT
H.S-E-1-09                              AD-SEG

ncl- eyes burn and blurry
     J Williams

RECEIVED MAR [illegible] 2017 LI. [signature]